UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------X

Jasmine Yehuda and
Debra Bouthiller,

                Plaintiff,        Civil Action No. 3:14-CV-520-J-39PDB

    against

**VERIFIED COMPLAINT AND
DEMAND FOR JURY TRIAL**

Performant Recovery, Inc.
                Defendant.
-------------------------------------------------X

    Plaintiffs Jasmine Yehuda and Debra Bouthiller (hereinafter referred to collectively as "Plaintiffs", and individually as Plaintiff Yehuda and Plaintiff Bouthiller), by and through their attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant Performant Recovery, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to

1

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiffs are natural persons and are residents of the State of Florida, Volusia County.

4. At all relevant times herein, Plaintiff Yehuda is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Performant Recovery, Inc. is a corporation organized under the laws of the State of California with its principal office located at 333 North Canyons Parkway, Suite 100, Livermore, California, 94551.

6. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, Plaintiff Yehuda allegedly incurred a personal debt (referred to hereinafter as the "Alleged Debt").

9. Upon further information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

10. In or around March 2014, Defendant commenced collection activities in an attempt to collect the Alleged Debt from Plaintiff Yehuda.

11. Defendant called Plaintiff Yehuda incessantly in an attempt to collect the Alleged Debt.

12. Defendant also called Plaintiff Yehuda's mother, Plaintiff Bouthiller, everyday for approximately one month in an attempt to collect the Alleged Debt, greatly harassing and inconveniencing her.

13. Defendant left several messages on Plaintiff Bouthiller's landline regarding the Alleged Debt.

14. In said messages, Defendant disclosed that Plaintiff Yehuda owes the Alleged Debt.

15. On or about April 16 2014, Defendant's agent discussed the delinquent status of the Alleged Debt and payment options for the Alleged Debt with Plaintiff Bouthiller.

16. Plaintiff Bouthiller is not a co-signer on the Alleged Debt, and is not otherwise associated with the Alleged Debt.

17. Defendant was not authorized to contact Plaintiff Bouthiller with respect to the Alleged Debt.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff Yehuda suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. As a result of Defendant's violation of the FDCPA, Plaintiffs are entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692b(2)

20. Defendant's conduct violated 16 U.S.C. § 1692b(2) in that Defendant stated to an unauthorized party that Plaintiff Yehuda owes a debt.

21. As a result of Defendant's violation of the FDCPA, Plaintiff Yehuda has been damaged and is entitled to statutory damages, and all costs and reasonable attorneys' fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(b)

22. Defendant's conduct violated 15 U.S.C. §1692c(b) in that Defendant disclosed the Alleged Debt to an unauthorized third party.

23. As a result of Defendant's violation of the FDCPA, Plaintiff Yehuda is entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

24. Defendant's conduct violated 15 U.S.C. §1692d in that Defendant engaged in conduct which harassed, oppressed, and/or abused Plaintiff Yehuda and Plaintiff Bouthiller in attempting to collect the Alleged Debt.

25. As a result of Defendant's violation of the FDCPA, Plaintiffs are entitled to an award of statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
April 25, 2014

Respectfully submitted,

By: *s/ Jerald Alan Belofsky*
JERALD ALAN BELOFSKY, ESQ.
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com
Attorneys for Plaintiff

VERIFICATION[1]

STATE OF   Florida              )

COUNTY OF   Volusia             )

Jasmine Yehudah and Debra Bouthiller
_____, says:

[NAME]

I am the Plaintiff in the within action. I have read the within Plaintiff's Complaint, and pursuant to 28 U.S.C.A. §1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on ___4/30/2014___.

*Jasmine Yehudah*
[PRINT NAME]
*Jasmine Yeh_____*
[SIGNATURE]
*Debra Bouthiller*
*Debra Bout___*

---

[1] A Plaintiff's Complaint is successfully verified if he/she declares under penalty of perjury that the forgoing is true and correct (*See Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992); *Aaron v. Tyluki*, 12-14866, 2013 WL 4670902 (E.D. Mich. Aug. 30, 2013); *Brown v. Waters*, 959 F.2d 233 (6th Cir. 1992) *Green v. Franklin*, 28 F.3d 112 (10th Cir. 1994) *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011).